IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KRISTIN LIN BAYLER                                                    PLAINTIFF

v.                                    Case No. 6:24-cv-6023

WELLPATH LLC;
DR. GUY HENRY (M.D. Medical Provider,
Ouachita River Correctional Unit); and
DR. THOMAS DANIEL (M.D. Medical Provider,
Ouachita River Correctional Unit)                                   DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed on January 7, 2026, by the
Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas.
ECF No. 54.  Judge Ford recommends that Defendants' Motion for Summary Judgment (ECF
No. 31) be granted and Plaintiff's Amended Complaint (ECF No. 12) be dismissed with
prejudice.  Plaintiff has responded with objections.  ECF No. 55.  The Court finds the matter ripe
for consideration.

**I. BACKGROUND**

Plaintiff, representing himself in this matter, initiated this civil rights action pursuant to
42 U.S.C. § 1983.  Plaintiff's claims center around medical care that he received while
imprisoned at the Arkansas Division of Correction Ouachita River Unit.  Plaintiff brings five
claims related to the delay in and denial of medical care.

For Claim One, Plaintiff alleges that between May 23, 2023, and September 5, 2023, he
did not receive any medicine for his Crohn's disease.  He alleges this claim against Wellpath
LLC ("Wellpath") and Dr. Henry in his individual and official capacity.

For Claim Two, Plaintiff alleges that Dr. Henry and Dr. Daniel were not qualified to treat
his Crohn's disease and refused to refer him to a free-world gastroenterologist for care.  He

brings this claim against Wellpath, Dr. Henry, and Dr. Daniel in their individual and official capacities.

For Claim Three, Plaintiff alleges that Dr. Henry and Dr. Daniel prescribed him drugs that caused him to suffer gastritis and severe pain. Plaintiff brings this claim against Dr. Henry and Dr. Daniel in their individual and official capacities and Wellpath.

For Claim Four, Plaintiff alleges that Dr. Henry and Dr. Daniel refused to prescribe him effective pain medication and remained indifferent to his pain. Plaintiff states that he should have been prescribed "narcotics grade pain medicine." He brings this claim against Dr. Henry and Dr. Daniel in their individual and official capacities and Wellpath.

For Claim Five, Plaintiff alleges that Dr. Henry and Dr. Daniel refused to give him a medical prescription for a Crohn's disease diet and instead ordered a high protein diet. Because he was not prescribed a special diet for his Crohn's disease, Plaintiff alleges that he had to starve or eat food that would exacerbate his Crohn's disease. Plaintiff brings this claim against Dr. Henry and Dr. Daniel in their individual and official capacities and Wellpath.

Judge Ford found that Defendants were entitled to summary judgment on all claims and recommended dismissal of Plaintiff's Amended Complaint. ECF No. 12. Plaintiff objects.

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . .

or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

### III. DISCUSSION

First, the Court will address all claims against Wellpath. Judge Ford recommends that all claims against Wellpath be dismissed, because a bankruptcy court has discharged Wellpath from liability for all claims that arose prior to November 11, 2024. Plaintiff's claims against Wellpath concern the quality of medical care he received between February 2022 and September 2023 while incarcerated at the Ouachita River Unit. Thus, Plaintiff's claims against Wellpath are foreclosed by the bankruptcy court's order. Because claims against Wellpath employees Dr. Daniel and Dr. Henry in their official capacities are equivalent to claims against Wellpath, these claims are foreclosed as well. The Court agrees with Judge Ford's recommendation that these claims should be dismissed. Plaintiff does not object to this recommendation.

The Court turns now to the individual capacity claims against Dr. Daniel and Dr. Henry. Judge Ford determined that the record is devoid of any objective evidence to support a finding that Dr. Daniel and Dr. Henry deliberately disregarded Plaintiff's medical needs. Judge Ford noted that "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v.*

3

*Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010).  In the end, Judge Ford found that Plaintiff's opinion as to his medical treatment differed from the expert opinions of his doctors, which does not rise to a constitutional violation.  The Court agrees with this assessment.

In his objections, Plaintiff notes that all his outside medical consultations were conducted by telemedicine.  He argues that this is a violation of state law and that he should have been able to see outside medical professionals in person.  He disagrees with Dr. Shipley's medical opinion[1] that the short lapses in administering Plaintiff's biologic drugs were not detrimental to his condition because biologics are long lasting medications administered every two to eight weeks. He further disagrees with Dr. Shipley's opinion that the drug Keppra, which Plaintiff was given, had been shown to be effective in reducing inflammation, lowering the risk of colitis, and managing pain.  Plaintiff contends that the drug was ineffective in treating his Crohn's disease and disagrees with Dr. Daniel's decision not to place him on a high calorie/high protein diet as requested.  In sum, Plaintiff's objections are his own opinions as to the medical care he received and are not supported by the objective medical evidence in the record.  Again, Plaintiff simply disagrees with Dr. Henry and Dr. Daniel's treatment decisions, but this disagreement does not prove that Dr. Daniel and Dr. Henry deliberately disregarded any of Plaintiff's medical needs.

Accordingly, the Court agrees with Judge Ford that there are no genuine issues of material fact in dispute regarding Plaintiff's individual capacity claims against Dr. Daniel and Dr. Henry, and the Court finds that they are entitled to judgment as a matter of law.

### IV. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds that Plaintiff has offered neither law nor fact which would cause the Court

---

[1]Dr. Donna Shipley, a Board Certified Family Practice Physician, filed an affidavit in this case in which she opined that the care and treatment provided to Plaintiff by Dr. Daniel and Dr. Henry regarding Plaintiff's Crohn's disease was appropriate, adequate, and timely.  She came to this conclusion after reviewing Plaintiff's medical records. ECF No. 33-1.

to deviate from Judge Ford's Report and Recommendation. Therefore, the Court overrules Plaintiff's objections (ECF No. 55) and **ADOPTS** the Report and Recommendation (ECF No. 54) *in toto*. Defendants' Motion for Summary Judgment is **GRANTED**, and Plaintiff's Amended Complaint (ECF No. 12) is **DISMISSED WITH PREJUDICE**.

      **IT IS SO ORDERED**, this 23rd day of March, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

5